Filed 10/19/15  P. v. Cornelius CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062792 |
| v. | (Super.Ct.No. FVI1202826) |
| HENRY CORNELIUS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed with directions.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Henry Cornelius was charged by information with two counts of oral copulation/sexual penetration with a child under the age of 10 (Pen. Code,[1] § 288.7, subd. (b), counts 1 & 2) and one count of committing a lewd act on a child under the age of 14 (§ 288, subd. (a), count 3). Defendant entered a plea of not guilty by reason of insanity, but later withdrew that plea. He then entered a plea of not guilty. One day after the trial began, defendant entered a plea agreement, under which he pled no contest to count 1. Defense counsel did not join in the plea. The parties stipulated that there was a factual basis for the plea. The trial court found that defendant voluntarily and intelligently entered the plea. The court then continued the hearing for sentencing. Subsequently, defense counsel declared a conflict, and the public defender's office was relieved. The court immediately appointed a conflict panel attorney. At a hearing the following month, the conflict panel attorney confirmed with the court that he was appointed for the sole purpose of reviewing the issue of withdrawing the plea. However, he reviewed the plea transcript and found no grounds for withdrawing the plea. The court then relieved counsel and reappointed the public defender's office. On January 9, 2015, the court sentenced defendant to the agreed upon term of 15 years to life in state prison, with 898 credits for time served (781 actual, plus 117 pursuant to § 2933.1).

Defendant filed a notice of appeal on January 27, 2015. He then filed an amended notice of appeal on March 10, 2015, based on the sentence or other matters that occurred after the plea. We direct the court to dismiss counts 2 and 3. Otherwise, we affirm.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

PROCEDURAL BACKGROUND

Defendant was charged with, and pled no contest to, oral copulation/sexual penetration of a child under the age of 10. (§ 288.7, subd. (b).)

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and the following potential arguable issues: (1) whether the appellate record indicates that defendant was advised of the consequences of pleading guilty and his constitutional rights, and waived such rights before pleading guilty; (2) whether the appellate record demonstrates ineffective assistance of counsel; (3) whether the court abused its discretion in reappointing the public defender's office; and (4) whether the court erred in awarding only 15 percent conduct credits. Counsel has also requested this court to undertake a review of the entire record.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

Although not raised by the parties, we note an apparent clerical error. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) Clerical error can be made by a clerk, by counsel, or by the court itself. (*Ibid.* [judge misspoke].) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations .]" (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

In this case, the court neglected to dismiss counts 2 and 3. The plea agreement stated that defendant would plead no contest to one count of sexual penetration of a child under the age of 10 (count 1), in exchange for 15 years to life in state prison and the dismissal of the remaining counts. Defendant pled no contest to count 1. The court did not dismiss the remaining counts. Nonetheless, the minute order states that the court ordered counts 2 and 3 dismissed, on motion of the People. Neither party mentioned the court's failure to dismiss counts 2 and 3 below or on appeal. Thus, the record indicates that the parties intended those counts to be dismissed. It is evident the court's failure to order the dismissal was inadvertent. Accordingly, in the interest of clarity, we will direct the trial court to dismiss counts 2 and 3.

## DISPOSITION

The trial court is directed to order the dismissal of counts 2 and 3. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
                                                                    J

We concur:


RAMIREZ
            P. J.


CODRINGTON
            J.


4